**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION**

| | |
|---|---|
| CHRIS A. TERRELL, | ) |
| | ) |
|     Movant, | ) |
| | ) |
|     v. | )   No. 1:05-CV-41-SNL |
| | ) |
| UNITED STATES DISTRICT COURT | ) |
| EASTERN DISTRICT OF MISSOURI, | ) |
| et al., | ) |
| | ) |
|     Respondents. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the application of Chris A. Terrell, a federal prisoner currently confined at the Federal Correctional Institution located in Memphis, Tennessee (FCI-Memphis), for a "Petition for Extraordinary Relief to Include, But Not Limited Thereto [sic]: Issuance of a Writ of Habeas Corpus; or Issuance of a Writ of Audita Querela; or Issuance of a Writ of Error Coram Nobis; or Issuance of a Writ of Prohibition; or Issuance of a Writ of Mandamus; or for An Order to Vacate, Set Aside or Correct Judgment; Or for Order Enjoining Further Execution of A Judgment That, As A Matter of Law, Has Become Void and Has No Further Force or Effect Whatsoever; or for Issuance of Such Writ, Writs, Orders or Decrees, Within the Jurisdiction of the Court to Issue, to Grant Such Further, or Ancillary Relief As The Court Deems Just and Proper" [Doc. #1].[1]

### Background

---

[1] For purposes of docketing, the Clerk of Court construed this motion as one seeking relief pursuant to 28 U.S.C.§ 2255. Accordingly, no filing fee was assessed.

Movant states that on or about May 10, 1991, he was sentenced to forty years in prison following a jury verdict for violation of 21 U.S.C. § 846, conspiracy to possess with intent to distribute methamphetamine/cocaine. The Eighth Circuit Court of Appeals affirmed the judgment. United States v. England, 966 F.2d 403 (8th Cir.), cert. denied, 506 U.S. 1025 (1992).

**The motion**

Movant asserts that his sentence resulted from the mandatory application of the United States Sentencing Guidelines ("Guidelines"), 18 U.S.C. § 3553(b)(1). In light of the Supreme Court's holding in United States v. Booker, 125 S.Ct. 738 (2005)(holding that application of federal Sentencing Guideline provisions mandating that a district court impose a sentence based on findings of additional facts determined by using preponderance of evidence standard violated the Sixth Amendment), movant claims that § 3553(b)(1) was void and, therefore, his sentence violates his Fifth Amendment due process rights.

**Discussion**

**A. 28 U.S.C. § 2255**

To the extent that movant is seeking a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255, the motion will be denied as time-barred under 28 U.S.C. § 2255(1). Because movant's conviction became final before the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"),[2] he is entitled to a one-year grace period, see Paige

---

[2]As amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2255 now provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
>     (1) the date on which the judgment of conviction becomes final;
>     (2) the date on which the impediment to making a motion created by

v. United States, 171 F.3d 559, 560 (8th Cir. 1999), ending on April 24, 1997, see Moore v. United States, 173 F.3d 1131, 1135 (8th Cir. 1999), in which to file his § 2255 petition. The instant action was filed on March 7, 2005. Moreover, The gravamen of the motion is that movant's sentence was imposed in accordance with a federal statutory provision that was declared unconstitutional in United States v. Booker, 125 S.Ct. 738 (2005). Every federal circuit court that has considered the issue, however, has decided that Booker does not apply retroactively to cases on collateral review. See Green v. United States, 397 F.3d 101, 103 (2d Cir. 2005); Humphress v. United States, 398 F.3d 855, 860 (6th Cir. 2005); McReynolds v. United States, 397 F.3d 479, 480 (7th Cir. 2005); Bey v. United States, 399 F.3d 1266, 1269 (10th Cir. 2005); In re Anderson, 396 F.3d 1336, 1340-41 (11th Cir. 2005). This Court agrees with these decisions and finds that they are consistent with the law in this circuit.[3] The prohibition against applying Booker retroactively to cases on collateral review exists whether movant frames his Booker claim as one arising under the Sixth Amendment or, as he has attempted to do here, as one arising under the due process clause of the Fifth Amendment. To hold

---

governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

[3]In United States v. Moss, 252 F.3d 993 (8th Cir. 2001), the Eighth Circuit Court of Appeals held that a precursor to United States v. Booker, 125 S.Ct. 738 (2005), Apprendi v. New Jersey, 120 S.Ct. 2348 (2000), was not retroactively applicable to cases on collateral review, because the rule was not of watershed magnitude. Similar reasoning prevents either Booker or Blakely v. Washington, 124 S.Ct. 2531 (2004), from being applied retroactively in the instant case.

3

otherwise would undercut Teague v. Lane, 489 U.S. 288 (1989). Therefore, to the extent that movant seeks relief pursuant to 28 U.S.C. § 2255, the instant motion will be denied.[4]

**B. The All Writs Act**

The All Writs Act, 28 U.S.C. § 1651, provides that federal courts "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." Movant seeks writs of coram nobis, audita querela, prohibition, and mandamus.

Because movant is still incarcerated, he cannot obtain a writ of error coram nobis. See United States v. Kindle, 88 F.3d 535, 536 (8th Cir. 1996)(federal prisoner not entitled to a writ of error coram nobis because he is still in federal custody).

Rule 60(b) of the Federal Rules of Civil Procedure abolishes the writ of audita querela with respect to civil actions, but it is at least arguable that the writ is available in criminal actions. See United States v. Johnson, 962 F.2d 579, 583 (7th Cir. 1992) (questioning availability of audita querela in criminal actions); United States v. Reyes, 945 F.2d 862, 866 (5th Cir. 1991) (same); United States v. Holder, 936 F.2d 1, 3 (1st Cir. 1991); United States v. Ayala, 894 F.2d 425, 426 (D.C. Cir. 1990); cf. United States v. Morgan, 346 U.S. 502, 511 (1954) (although writ of coram nobis was abolished in civil cases, writ survives in criminal actions). Assuming arguendo that the writ of audita querela is still available, the instant motion should still be denied, because the writ is inappropriate in this case.

Audita querela is an old common-law writ that permits a defendant to obtain "'relief against a judgment or execution because of some defense or discharge arising subsequent to the

---

[4]Movant has made no argument why the limitations period should be equitably tolled to allow him to file this motion.

4

rendition of judgment.'" United States v. Johnson, 965 F.2d at 582 (quoting 11 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 2687, at 325 (1975)).

The question at bar is whether the Supreme Court's decision in Booker is the type of post-judgment event for which the writ can be granted. The Court's research indicates that it is not. The courts that have considered the question of whether a post-judgment change in the law is a ground for audita querela relief have answered in the negative. See United States v. Ayala, 894 F.2d at 429 n. 8; United States v. Kimberlin, 675 F.2d 866, 869 (7th Cir. 1982); Ames v. Sears, Roebuck and Co., 536 A.2d 563, 566 (1988). This is true even in cases where the post-conviction change in law could not be raised in a § 2255 action. See United States v. Ayala, 894 F.2d at 429 n.8. As noted by the District of Columbia Circuit in Ayala:

> To be sure, not *all* post[-]judgment changes in law may be raised in a § 2255 proceeding. See Teague v. Lane, 489 U.S. 288, 109 S.Ct. 1060, 1075-77, 103 L.Ed.2d 334 (1989) (plurality). But we have little doubt that a defendant challenging his conviction collaterally may not style his motion as a petition for a writ of audita querela to evade the Supreme Court's painstakingly formulated "retroactivity" rules.

Id. This Court agrees. Furthermore, this reasoning extends to all the other types of writs that may be issued under the All Writs Act. Put simply, the Supreme Court's decision in Booker does not afford movant relief from his sentence under any theory, because Booker does not apply retroactively. Therefore, movant's request for audita querela relief, and all other types of relief under the All Writs Act, will be denied.

### C. 28 U.S.C. § 2241

Movant's request for relief pursuant to 28 U.S.C. § 2241 will also be denied. This Court does not have jurisdiction to entertain a § 2241 action, because movant is not located in this

judicial district, and the person having custody over petitioner, the warden at FCI-Memphis, cannot be reached by service of process. See Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 495 (1972) (district court's habeas jurisdiction extends to cases where the custodian can be reached by service of process even though prisoner is confined outside the court's territorial jurisdiction).[5]

Accordingly,

**IT IS HEREBY ORDERED** that movant's "Petition for Extraordinary Relief to Include, But Not Limited Thereto [sic]: Issuance of a Writ of Habeas Corpus; or Issuance of a Writ of Audita Querela; or Issuance of a Writ of Error Coram Nobis; or Issuance of a Writ of Prohibition; or Issuance of a Writ of Mandamus; or for An Order to Vacate, Set Aside or Correct Judgment; Or for Order Enjoining Further Execution of A Judgment That, As A Matter of Law, Has Become Void and Has No Further Force or Effect Whatsoever; or for Issuance of Such Writ, Writs, Orders or Decrees, Within the Jurisdiction of the Court to Issue, to Grant Such Further, or Ancillary Relief As The Court Deems Just and Proper" [Doc. #1] is **DENIED**, without prejudice.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the instant motion.

An appropriate order will accompany this memorandum and order.

---

[5]Because a § 2255 motion is a further step in a defendant's criminal proceeding and not a separate civil action, See Advisory Committee Note to Rule 1 of the Rules Governing § 2255 Proceedings for the United States District Courts, the sentencing court retains jurisdiction regardless of where the defendant is confined or his custodian located.

Dated this   10th   day of May, 2005.

                                               */s/ Stephen N. Limbaugh*
                                               SENIOR UNITED STATES DISTRICT JUDGE